**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,                                            Case No. 3:11CR307

             Plaintiff

v.                                                                    **ORDER**

Jamaica Heflin,

             Defendant

This is a criminal case in which the grand jury has charged the defendant with possession of controlled substances with intent to distribute and possession of a firearm while doing so. Pending are the defendant' motions to suppress (Doc. 13) and disclosure of sealed testimony and identity of a confidential informant. (Doc. 16) (Under Seal) (the "Sealed Motion).

Defendant filed the Sealed Motion after a suppression hearing during which I took a portion of the testimony *in camera* and outside the presence of the defendant. That testimony revealed information which, if known to the defendant, might disclose the informant's identity. The transcript of that portion of the hearing has been sealed.

As filed, the Sealed Motion asserted that the defendant needed to know the informant's identity and have access to the sealed transcript to prepare a possible entrapment defense. The government filed a persuasive opposition arguing that defendant could not make out the predicate

elements of entrapment, particularly with regard to lack of predisposition, necessary to justify the informant's identity. Thereafter, in his reply, defendant's attorney appears to have acknowledged the weakness of using a possible entrapment defense as a basis for the Sealed Motion's demand for disclosure.

Instead, the defendant's reply now asserts he needs that information as a matter of fundamental fairness to enable him to prepare his defense. That is so, the defendant argues in his reply, because he needs to know if the government plans to offer the informant as a rebuttal witness.

Apparently, the defendant wants to know whether the informant was the fourth person who, he claims, was in the vehicle in which he was a passenger when the traffic stop occurred. Defendant contends that that individual, a female, got in the car shortly before officers, acting on the informant's tip, stopped it. He contends further that the female gave him drugs and guns shortly after she joined the defendant and his other companions.

Defendant does not indicate whether he or his attorney know who that woman was. If she was the fourth passenger and did as defendant appears to contend, The defendant does not need to know more, as it can prepare to cross-examine if the government calls her as a witness.

In any event, if the defendant offers a truthful defense, whatever the government offers in rebuttal should not matter. The jury will be able to assess the conflicts in the evidence.

For the reasons stated in the government's opposition memorandum, I decline to grant the defendant's demand for disclosure *now*.

I will, however, consider ordering the government to notify the defendant if it, in the event he intends offers what appears presently to be his anticipated defense, will use the informant as a rebuttal witness. If so, and if the defendant has not otherwise been able to determine who the

informant is, I may order the government to disclose the informant's identity after it rests and before the defendant presents his defense.

For now, the only determination I make with finality is to permit the government to continue to withhold the informant's identity from the defendant and his attorney and to retain the seal on that portion of the suppression hearing transcript.

One way for the government to bypass the issues which the defendant has raised in his Sealed Motion would be for it to notify counsel as to the accuracy or lack thereof as to his suppositions, as he has expressed them, in that Motion. But that is for the government to undertake, if it wishes.

In any event, I remain sympathetic to the defendant's desire to know the informant's identity before he elects to present a defense – even though I am persuaded that the law does not require that I accede to that desire.

For now, it is hereby

ORDERED THAT: the defendant's motion for disclosure, etc. (Doc. 16) (Under Seal) be, and the same hereby is denied, without prejudice as indicated herein.

So ordered.

/s/ James G. Carr
Sr. United States District Judge